**JAMES McHUGH CONSTRUCTION COMPANY, Appellant,**

v.

**MICHIGAN MUTUAL LIABILITY COMPANY, Appellee.**

**No. 17783.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1963.
Decided Nov. 27, 1963.

---

Mr. James H. Heller, Washington, D. C., with whom Mr. Robert E. Sher, Washington, D. C., was on the brief, for appellant.

Mr. William J. Donnelly, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before BASTIAN, WRIGHT and McGOW-AN, Circuit Judges.

PER CURIAM.

Irvin Martin, a James McHugh Construction Company employee, was injured at work in Maryland and received payments under the Maryland Workmen's Compensation Law. Had his injury occurred in the District of Columbia his compensation would have been larger. By contract with Martin's union, Mc-Hugh was bound to "carry an excess compensation policy on his employees when they are working outside of the District of Columbia which shall give the employees * * * additional compensation in Maryland and Virginia equal to that of the District of Columbia."

Martin brought suit against McHugh in the United States District Court for the District of Columbia for the amount of the excess compensation. McHugh filed a third-party complaint against Michigan Mutual Liability Company, contending that McHugh's contractual liability to Martin was covered by the insurance McHugh carried with Michigan Mutual. The District Court ruled against this contention and entered summary judgment for Martin and Michigan Mutual against McHugh. On appeal this court remanded the case to the District Court, stating:

"We think Michigan Mutual's 'Comprehensive General Liability Policy' and 'Contractual Liability Coverage Endorsement' are sufficiently ambiguous in respect to coverage to justify a trial in which the surrounding circumstances may be developed and the intentions of the parties determined." McHugh Construction Co. v. Martin, 111 U.S. App.D.C. 48, 49, 294 F.2d 244, 245 (1961).

Pursuant to this court's order the case came on for hearing in the District Court [1] and testimony was duly taken. The court made findings of fact and concluded, among other things, that the comprehensive general liability policy, and specifically that part entitled "Contractual Liability Endorsement," in effect during the period in question "did not cover industrial accidents for which the third-party plaintiff was liable under workmen's compensation law nor did it cover for breach of union contracts such as occurred here." Accordingly, the court entered judgment in favor of Michigan Mutual against McHugh. This appeal followed.

1. In the meantime, McHugh settled with Martin, and the suit continued between McHugh and Michigan Mutual.

The determination made by the District Court rests upon substantial evidence and we find no reason in the record to disturb it.

Affirmed.